# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

RONALD ALAN MUELLER                                         PETITIONER

v.                                                     No. 1:13CV60-M-A

TIMOTHY MORRIS, ET AL.                                   RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the March 22, 2013, petition of Ronald Alan Mueller for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d), or in the alternative, as procedurally barred. Mueller has not responded to the petition, and the deadline for response has expired. For the reasons set forth below, the State's motion will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

## Facts and Procedural Posture

Petitioner Mueller pled guilty to conspiracy to manufacture methamphetamine in the Circuit Court of Itawamba County, Mississippi. On January 22, 2010, Mueller was sentenced to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections. Mueller is currently of the Mississippi Department of Corrections and housed in the South Mississippi Correctional Institution in Leakesville, Mississippi. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Mueller filed a "Motion for Post-Conviction Collateral Relief" in the Circuit Court of Itawamba County, which he signed on January 19, 2011. On February 28, 2011, the trial court granted his motion to the extent that he was entitled to credit for the time he served in the Intensive Supervision Program, but denied his motion with regard to the remainder of his claims. Mueller appealed this decision to the Mississippi Supreme Court, and the matter was assigned to the Mississippi Court of Appeals and docketed as Cause No. 2011-CP-00553-COA. On August 23, 2011, the Mississippi Supreme Court Clerk issued a "Show Cause Notice" informing Mueller that, if he

wished to proceed with his appeal, he must file his appellate brief within fourteen (14) days. On September 15, 2011, Mueller's appeal was dismissed for failure to file the brief of the appellant. The state supreme court's mandate issued on October 6, 2011.

One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mueller's conviction and sentence became final one year from the date on which he was sentenced, January 22, 2010. As Mueller filed an application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before January 22, 2011, the limitations period was tolled during the pendency of the application. *Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Mueller is entitled to

tolling for the pendency of the application, a total of 260 days (January 19, 2011, through October 6, 2011.) As such, Mueller's federal habeas petition was due in this Court on or before October 10, 2011.[1]

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Mueller did not sign the instant petition, but it was dated March 19, 2013, in the prison mail room. Thus, the federal petition was filed sometime between March 19, 2013, and the date it was received and stamped as "filed" in the district court on March 22, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 526 days after the October 10, 2011, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of November, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] The calculations result in a date of October 9, 2011, which fell on a Sunday. Therefore, Mueller's petition would have been due on or before the next available business day, Monday, October 10, 2011.